UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,                          **MEMORANDUM & ORDER**
                                                                                  23-CV-535 (PKC) (LB)

         -against-

JUDGE JOHN T. HETCH, Kings County
Supreme Court,

                Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Yessuh Suhyes Hussey, currently being held at the Anna M. Kross Center on Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that on December 15, 2022, Judge John T. Hecht[2] "was biased & avoidant to several facts in my legal proceeding! Speaking as if I actually attempted to kidnap Marian Hertz[,]" and "continued to make false claims saying that I Yessuh Suhyes Hussey might have intended to pull a stranger into the bushes, which is extremely defamatory and unfair as it does not relate to the matter." (Dkt. 1 ("Compl."), at 4.) Plaintiff seeks for Judge Hecht to "do thing in the manner of the law & not outside of it." (*Id.* at 5.)

---

      [1] Plaintiff filed eight complaints on the same day.

      [2] It appears that Plaintiff is referring to John T. Hecht, Acting Justice of the Kings County Supreme Court, Criminal Term.

1

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

**DISCUSSION**

Plaintiff's claims against Judge John T. Hecht must be dismissed because judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of*

*Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983.") (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Basile v. Connolly*, 513 F. App'x 92, 94 (2d Cir. 2013) (quoting same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *Pelczar v. Kelly*, No. 18-CV-6855 (AMD), 2018 WL 6575457, at *2 (E.D.N.Y. Dec. 13, 2018), *reconsideration denied*, No. 18-CV-6855 (AMD), 2019 WL 2304651 (E.D.N.Y. May 29, 2019). In addition, the 1996 Congressional amendments to Section 1983 bar injunctive relief and provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999).

Plaintiff's allegations against Judge Hecht stem from Plaintiff's criminal proceedings. Plaintiff fails to allege any facts to suggest that the actions taken by Judge Hecht were not taken within his judicial capacity or that the Judge acted in excess of his jurisdiction. Therefore, Plaintiff's claims against Judge Hecht are dismissed for failure to state a claim upon which relief may be granted and because Judge Hecht is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 13, 2023
      Brooklyn, New York

4